OPINION. Van Fossan, Judge: The initial question to be determined is the proper amount deductible as rent by the petitioner.[1] The lease agreement for the five buildings, equipment, machinery, and fixtures rented by the petitioner for 25 years required the petitioner, in paragraph 6, to pay a fixed percentage of net sales as rent with a minimum of $50,000 annually. This amount was accrued and deducted by the petitioner upon its return. The amount of $1,641.56 was accrued on the petitioner’s books as a reserve for the replacement of equipment. This amount was not paid or accrued to the lessor. The character of this item is the matter at issue. The lease agreement required the lessor to maintain the exterior of the premises. The petitioner, as lessee, was required to maintain the fixtures and equipment. All cash registers, adding machines, calculating machines, typewriters, and billing machines owned and furnished by the lessor were to be repaired at the petitioner’s expense. The petitioner was not required to purchase any equipment, and, if it chose to do so, the fixtures and equipment so purchased were to remain its property. An agreement was reached concerning replacement of equipment by which the lessor made an allowance to the petitioner calculated as a percentage of the minimum rental or rental paid, to replace, repair or take care of fixtures, furniture, machinery or other equipment becoming obsolete or deemed unusable by the petitioner. This allowance was to be retained by the petitioner and set up in a reserve fund to be used by it, if it so elected, for the purposes above specified. The lease agreement entered into, thus provided for a division of obligations. The lessor was to maintain certain external features of the property. The petitioner bore the obligation to maintain and repair machinery and equipment but was not required to purchase any such items. The reserve fund was created for repair and replacement of machinery and equipment, to be so used at the petitioner’s discretion. Incidentally, the effect of the arrangement was that the lessor’s obligation for replacement of interior equipment was limited to the amount annually allowed to the petitioner for the reserve fund. As a result of the agreement upon the problem of replacement of rented equipment, the lessor allowed the petitioner to retain $1,641.56 during the taxable year calculated on the basis of the rent to be credited to the reserve fund. Whether considered as a return of a portion of the rent paid, as a reduction in rent or an allowance measured in terms of rent, the practical result was that the lessor received a smaller amount annually for the rent of the building and equipment. The reserve fund was never paid to the lessor but was retained by petitioner. In our opinion, the lease agreement, when read as a whole, as it must be, Estate of Budd Frankenfield, 17 T. C. 1304, grants the petitioner a reduced amount of rent so as to provide a fund for the replacement of whatever equipment petitioner desired to replace. The $1,641.56 cannot be considered rent for it was neither paid nor accrued to the benefit of the lessor but was an amount deducted from payments to the lessor in accordance with the mutual agreement covering the problem of replacement of rented equipment which becomes unusable. The cases of Broadcast Measurement Bureau, Inc., 16 T. C. 988, and Seven-Up Co., 14 T. C. 965, cited by petitioner, are not helpful to its contention that the amount of rent specified by paragraph 6 of the lease is deductible without diminution in the amount retained. Those decisions were concerned with the question whether or not amounts received and in the hands of the taxpayers were trust funds or income. Here we are concerned with the amount actually paid or accrued by the petitioner as rent. The sum in question in this proceeding was not received by the petitioner, it was retained by it. Nor is the $1,641.56 entered on the petitioner’s books in the taxable year as a reserve fund susceptible to deduction as repair expenses. No debits were made to this account in the fiscal year and it remained a reserve for its stated purpose. The expenses for which the reserve was created had yet to be incurred. No liability for expenses had accrued in the first year of operation of the lease. Until liability for such contingent expenses had been fixed and determined, a deduction could not be taken. Lucas v. American Code, Inc., 280 U. S. 445; Brown v. Helvering, 291 U. S. 193; Amalgamated Housing Corporation, 37 B. T. A. 817, affd. 108 F. 2d 1010. Respondent’s determination is affirmed. The second issue in this proceeding is purely a matter of mathematical calculations and is entirely dependent upon the answer to the first issue. The 5 per cent limitation found in section 23 (q) of the Internal Revenue Code[2] on contributions, is related to net income. The petitioner’s net income is, as a result of this decision, increased in the amount of $1,641.56 by the disallowance of the rental expense deduction in this amount. The parties agree that a larger deduction for contributions becomes proper when the percentage figure is applied to the increased net income. This increase in contributions deduction has already been included in the deficiency determined by the respondent. Decision will he entered for the respondent. SEC. 23. deductions FROM GROSS INCOME. In computing net income there shall be allowed as deductions : (a) Expenses.— (1) Trade or business expenses.— (A) In General. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually ■rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. SEC. 23. deductions FROM GROSS INCOME. In computing net income there shall be allowed as deductions: ******* (q) Charitable and Other Contributions by Corporations. — In the ease of a corporation, contributions or gifts payment of which is made within the taxable year to or for the use of: ******* to an amount which does not exceed 5 per centum of the taxpayer’s net income as computed without the benefits of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary.